EDNA CELIA NORTON ET AL. v. ELIAS B. SHERMAN ET AL.

*Guardianship—Finding of mental incompetency.*

1. It is a sufficient averment of the mental incompetency of a person whom it is sought to place under guardianship, to state in the petition for the appointment of the guardian that such appointment is necessary because, by reason of extreme old age and other causes, such person "is now mentally incompetent to have the charge and management of his property and has been mentally incompetent for some time past."

2. The Supreme Court will only consider questions of law in reviewing on error the proceedings had at the circuit on appeal from a probate order appointing a guardian for an incompetent.   The sufficiency of the evidence to show incompetency is not such a question.

3. In a proceeding for the appointment of a guardian for an incompetent, a finding by a jury that respondent "is mentally incompetent to have the charge and management of his property" is sufficient, though the further question of his inability to take care of himself has not been submitted to the jury, especially if such inability has been found by the judge.   How. Stat. § 6315.

4. A verdict and judgment in the circuit court in affirmance of a probate order appointing a guardian for an incompetent, may properly be remitted to the probate court for enforcement.   How. Stat. § 6789.

Error to Cass.    (A. J. Smith, J.)    Nov. 12.—Nov. 19.

Appeal from appointment of guardian.    Respondent brings error.    Affirmed.

*Harsen D. Smith* for appellant.

*Howell & Carr* and *Spafford Tryon* for petitioners.

SHERWOOD, J. The petition of the plaintiffs in this case was for the appointment of a guardian for the defendant, to have the care and management of his property, in consequence of the mental incompetency of the defendant. He is feeble and infirm, and eighty-one years of age and over. The petitioners are a daughter, grandson and son-in-law of the alleged incompetent. The proceedings were had in the probate court for the county of Cass, and a guardian was duly appointed for defendant by that court. From the decree making such appointment the defendant took an appeal to the circuit court for said county.

The petition of plaintiffs for the appointment of the guardian, and reasons for appeal, constitute the only issue presented for trial in the circuit court, and are as follows: After giving the names of the petitioners, their residence and relations to the defendant, the petition proceeds:

"Your petitioners further represent unto said court that the said Elias B. Sherman is of the age of eighty-one years, and is feeble and infirm, and is an inhabitant of said county, residing at the village of Cassopolis, in said county and state, and is possessed of real estate and personal estate situated and being in said Cass county, and the estimated value of the personal estate, including money, bank stock and notes, is about the sum of twenty-five hundred dollars, as petitioners believe, and the estimated value of real estate is the sum of twenty thousand dollars or thereabout, as your petitioners are informed and verily believe.

Your petitioners further represent that it is necessary that a guardian be appointed of the person and estate of the said Elias B. Sherman, for the following specific reason: Because the said Elias B. Sherman, by reason of extreme old age and other causes, is now mentally incompetent to have the charge and management of his property, and has been mentally incompetent for some time past.

Your petitioners further represent that the names of the next of kin of the said Elias B. Sherman, and other persons interested in said estate, as your petitioners are informed and believe, are as follows: Mrs. Edna Celia Norton, a daughter; J. Silver Sherman, a son, both residing at Cassopolis, Michigan; Frank L. Jones and Carrol S. Jones, both grandsons,

and both residing at Marcellus, in said county; Mary Blanche Goucher, residing at Clay Center, Kansas; Ellen N. Graham, residing at Cassopolis; and Florence M. Tietsort, residing at Cassopolis; the last three named aforesaid being daughters of the aforesaid John Tietsort, and granddaughters of the said Elias B. Sherman.

Your petitioners therefore pray that a day be fixed for hearing this petition, and that a citation issue, to be personally served upon said Elias B. Sherman and upon some one of his nearest relatives, not less than fourteen days before the return-day thereof, requiring them to appear and show cause, if any, why a guardian should not be appointed as aforesaid after a full hearing and examination in the premises, and that Joel Cowgill, residing at Cassopolis, Mich., may be appointed guardian of the person and estate of him, the said Elias B. Sherman, according to the provisions of the statutes in such case made and provided.

*Dated this* 16th *day of March A. D.* 1885."

REASONS FOR APPEAL.

In the matter of the application for the appointment of a guardian for Elias B. Sherman, an alleged incompetent person.

The undersigned, being said respondent, his wife and son, respectively, and being aggrieved by the order or decree of said judge of probate, made on the 23d day of April, 1885, appointing a guardian for said respondent, Elias B. Sherman, as appears by such order or decree on file in said court, hereby give notice of and make application for an appeal to the circuit court for said county, from the said order or decree of said probate court, for the following reasons, to wit:

1st. The evidence taken before said probate court does not show that said respondent is or ever has been mentally incompetent to have the charge and management of his property.

2nd. The said evidence does not show that said respondent is or has been an insane person.

3d. Said petition is insufficient to confer any jurisdiction upon said probate court to make said order.

4th. Said decision is based largely upon inadmissible evidence and irrelevant facts, as appears from the opinion read by said probate judge.

5th. Said order is unjust.

*Dated April* 30th, 1885.        ELIAS B. SHERMAN.
                                        SARAH S. SHERMAN.
                                        J. S. SHERMAN.

By the decree of the probate court, from which the appeal was taken, it was adjudged that the defendant was mentally incompetent to have the charge and management of his property, and was incapable of taking care of himself, and a decree was entered appointing Joel Cowgill guardian for the incompetent and his estate.

The third reason for appeal stated, needing consideration, is that "the petition is insufficient to confer any jurisdiction upon the probate court to make said order" appealed from. The mental incompetency of the defendant is relied upon, and we think it is sufficiently averred in the petition when it says "that he is mentally incompetent," "and has been for some time past," and gives this as the reason they desire the appointment of a guardian.

The first reason for appeal given cannot be considered here. This case can only be considered on error upon the questions of law presented upon the record, and this allegation presents no such question. Neither does the second reason for appeal. Whether or not the fourth reason given for the appeal from the decree of the judge of probate is true, it is impossible to say from the record; but, in any event, that fact is not before us for discussion now.

In the circuit court a jury was had, but upon whose request does not appear. The cause was tried before them, but if upon any other issue than that presented in the petition and reasons for appeal, the record does not disclose it; neither are we informed by the briefs of counsel upon that subject. The verdict of the jury indicates that no other was presented or litigated before them. The language of their verdict is: "We find that Elias B. Sherman, the respondent in the case, is mentally incompetent to have the charge and management of his property, as the said petitioners in this cause have in their said petition alleged." The appellants claim this verdict is insufficient, because it does not find that the respondent is incapable of taking care of himself.

Such questions of fact as are raised upon the petition, or so many thereof as the parties, or either of them, or the

court, may desire, can be submitted to the jury. The statute contains this provision, after providing for the appeal: "Such court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury." How. Stat. § 6783.

The incapacity of the defendant to take care of himself does not seem, as a distinct question, to have been submitted to the jury. The objection is, therefore, not well taken. It is difficult to see that a person, however, who has become mentally incompetent for the reasons stated in this petition, could be otherwise than incompetent to take care of himself; but this last infirmity is found by the circuit judge, and that is sufficient. How. Stat. § 6315.

The following is the judgment rendered by the circuit judge in the case: "The jury heretofore impaneled in this cause, having found the said Elias B. Sherman to be mentally incompetent to have the care and management of his property, as alleged by said petitioners, it is therefore on motion of Howell & Carr, attorneys for petitioners, ordered that the judgment of the probate court of said county of Cass be, and the same is hereby affirmed, and that the said cause, together with the verdict of said jury, and the judgment of this court thereon, be remitted to said probate court for enforcement." This is fully authorized by the statute. How. Stat. § 6789.

We find no error in the judgment rendered, which must be affirmed; costs in both courts to be paid out of the estate.

MORSE, C. J. and CHAMPLIN, J. concurred.

CAMPBELL, J. If the questions argued were fairly presented, I should desire to consider them before expressing an opinion; but in the shape in which the record comes up, they do not arise. and I concur in affirmance on that ground.